[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER AND OBJECTION TO REQUEST FOR PRODUCTION
The petitioner in this petition for a new trial has sought to compel the respondent to disclose the names and addresses of the sheriffs and jurors involved in the petitioner's homicide trial as well as the current address of a former investigator in the public defender's office so that he can make inquiry of them about an incident that allegedly occurred between the jury foreman and the prosecutor after the verdict was given. The state objects to this request and has moved for a protective order to prevent the petitioner from discovering this information.
Practice Book § 13-2 provides for discovery of information and documents in civil actions "which are within the knowledge, possession or power of the party or person to whom the discovery is addressed . . . if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. . . ."
The petitioner appears to believe that because the "State of Connecticut" is the party-respondent in this action, any agency or employee of any branch of state government should be deemed to be the "party or person to whom the discovery is addressed." Clearly, however, the "State of Connecticut" in this case is the prosecuting authority, as the original proceeding that gave rise to the instant petition was a criminal prosecution, State of Connecticut v. Jamal Jenkins. The "State of Connecticut" that is the respondent in this case is not the Judicial Branch, which has custody of court records, the office of the High Sheriff, which employed the sheriffs in the courthouse at the time of the events in question in this case, or the Public Defender Services Commission, which employed the Public Defender's investigator whose CT Page 1550 current address is sought. The petitioner has made absolutely no showing that the prosecuting authority, the respondent in this case, has such information within its "knowledge, possession or power" or that it could obtain the requested information "with substantially greater facility than it could otherwise be obtained by the party seeking disclosure.
Presumably, both prosecution and defense at the original trial had access to the same juror information at the time of trial, and, in any event, it is the Superior Court, not the prosecution or defense, which is the proper custodian of such information. Both parties have equal access to whatever court records still exist. Both parties have equal access to the records of the High Sheriff, or his successor, the Judicial Marshal Commission, and both parties are equally free to seek information about a former employee of the Public Defender's office. The petitioner has neither alleged nor demonstrated that the prosecuting authority can obtain this information with any greater facility than he could. On this basis alone, the objection to the petitioner's request for production should be sustained.
There is the additional question of whether the information which the petitioner seeks is reasonably calculated to lead to the discovery of admissible evidence. . ." Arguably, the testimony of the sheriff and investigator in question could lead to admissible evidence of juror misconduct, but what of the effort to interview jurors? "Connecticut does not have a statute or a practice book rule concerning post-verdict contact of jurors by parties or their counsel," Struski v. Big Y Foods,Inc., Superior Court, judicial district of Waterbury, Docket No. 137108 (December 4, 2000, Stevens, J.) (28 Conn.L.Rptr. 172), but the issue has been addressed at the trial court level.
In State v. Newsome, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 75659 (March 11, 1994, Freedman, J.), aff'd,238 Conn. 588, 682 A.2d 972 (1996), the defendant filed a motion for new trial based on juror misconduct, specifically alleging that the jurors prejudged the defendant's guilt or innocence, that one juror improperly visited the crime scene and that the jurors discussed the credibility of witnesses based on their physical appearances. These allegations were based on interviews done by the defendant's private investigator after the verdict had been rendered. In denying the motion, Judge Freedman adopted the position that a private investigator cannot interview jurors after the verdict is given without the permission of the court. Judge Freedman advised against contact with jurors without permission of the court in an effort to preserve "the integrity of the jury system and its sanctity of jury silence". Id. In addition, the court required the parties to obtain permission before interviewing jurors in order to ensure that jurors would be free from harassment after they have rendered a CT Page 1551 verdict. Id.
Judge Freedman further articulated his position in State v. Tomasko, Superior Court, judicial district of Bridgeport at Bridgeport, Docket No. 79285 (May 31, 1996, Freedman, J.), aff'd, 242 Conn. 505, 700 A.2d 28
(1997). In Tomasko, two private investigators interviewed a juror after the verdict was given. Based on the information obtained from the interview, the defendant claimed juror misconduct. The defendant's claim rested on the allegation that one of the jurors received information from his brother about a newspaper article that said that the judge was going to give a "Chip Smith" charge to the jury. The juror shared this information with the rest of the jury and the jury discussed what they believed to be the meaning of the "Chip Smith" charge. In denying the defendant's motion for a new trial, Judge Freedman stated that any inquiry into "the mental processes of jurors in deliberation is forbidden even for the courts — much less for private investigators." Statev. Tomasko, supra, Superior Court, Docket No. 79285. Furthermore, he stated that "private investigators should not be allowed to make post-verdict juror inquiry in an effort to determine whether juror misconduct occurred. If there is good faith belief that misconduct existed, counsel should immediately notify the court and request an inquiry under the existing rule of State v. Brown [235 Conn. 502, 526,668 A.2d 1288 (1995).] Any inquiry which may be necessary should be carried out by the court or under its supervision." Id.
In Struski v. Big Y Foods, Inc., supra, Judge Stevens "share[d] the concerns expressed in Newsome and Tomasko, but . . . [was] reluctant to follow the holdings of these cases." Struski v. Big Y Foods, Inc., supra, 28 Conn.L.Rptr. 174. In Struski, the defendant believed that since the jury deliberations took less than an hour, the jurors might have deliberated before they were instructed to do so. Id. The defendant therefore moved for disclosure of the addresses and telephone numbers of jurors so it could contact jurors after the verdict was given. The court stated that attorneys are not required to obtain the court's permission to speak with jurors, but cautioned attorneys not to "invade the secrecy of juror deliberations or probe into the jury's deliberative processes." Id. While granting attorneys the right to obtain the addresses and telephone numbers of jurors, Judge Stevens suggested that attorneys submit their questions to the court before interviewing jurors and that attorneys proceed with their inquiries under the supervision of the court.
None of these cases, however, involved a situation where one party sought to compel the other to supply the names of jurors. Even if a showing were made that juror interviews might lead to admissible evidence, therefore, the petitioner has still given the court no basis CT Page 1552 upon which to order the respondent to provide any of the information which the petitioner requests. The petitioner seeks to embark on a dangerous fishing expedition into the minds of jurors on the basis of no showing that the material sought will lead to admissible evidence and with no basis for believing that the respondent can provide the information needed to commence this inquiry with substantially greater facility than can the petitioner himself
The respondent's objection to the petitioner's request for production is therefore sustained.
Jonathan E. Silbert, Judge